**FOX INDUSTRIES, INC., Plaintiff(s),**

v.

**Leonid GUROVICH, et al., Defendant(s).**

**No. CV 03–5166(TCP)(WDW).**

United States District Court, E.D. New York.

June 22, 2004.

Michael A. Saffer, Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, PC, West Orange, NJ, for Plaintiff.

---

Barry Black, Schwarz & Black LLP, New York, NY, for Defendants.

## ORDER

WALL, United States Magistrate Judge.

By Memorandum and Order dated April 28, 2004, District Judge Thomas Platt found the defendant, Leonid Gurovich, also known as Leo Gore ("Gore") and other aliases, and Gore's various corporate personae, to be in contempt of earlier orders of the court, including orders issued in October and November of 2003, and referred the matter to the undersigned for a Report and Recommendation "of what damages, fines, attorney's fees and costs, and/or jail term shall be imposed upon Gore as punishment for his contempt."

By Memorandum and Order dated May 26, 2004, Judge Platt clarified his referral, noting that the undersigned's Report and Recommendation should "assess … appropriate punishments for each of Gore's three specific violations of the October and November Orders: to wit, Gore's solicitation of the sale of grinding media to Tape Systems, Incorporated and Bayer CropSciences, and Gore's solicitation of the purchase of grinding media from Nisuma International, Limited." (footnote omitted)

The May 26th Memorandum and Order further noted that the court was "mindful of the fact that further undisclosed violations of the October and November orders may have occurred, as suggested by Gore's admission that Titon Industries was 'heavily involved in grinding media' after the issuance of these Orders." To determine the extent of any additional violations, which could be the subject of additional penalties or damages, the Court directed Gore to "comply *forthwith,* with all obligations, *including specifically the disclo-sure obligations,* placed on him by the April 16th Order."

Prior to the issuance of the May 26th Memorandum and Order, the plaintiff, by letter dated May 3, 2004, wrote to the undersigned to alert the court to "an ongoing circumstance that materially and prejudicially hampers Fox's ability to present evidence of the appropriate contempt damages and sanctions to be imposed" based on the April 28th order. 5/3/04 Saffer Letter at 1. The plaintiff interpreted Judge Platt's entry of an April 16, 2004 Order to Show Cause to require the defendants to provide various statements that would enable Fox "to identify the scope of the defendants' contumacious conduct." *Id.* at 1–2. The plaintiff argues that, pursuant to the April 16th Order to Show Cause, the information was due by April 21, 2004.

The defendants, on the other hand, in a Motion for Reconsideration of the Memorandum and Order dated May 26, 2004, argued that the April 16th Order did not compel the production of the information sought by the plaintiff, and that the April 16th Order imposed no disclosure obligations on the defendants, but merely required them to show cause whether such disclosure obligations, together with other relief, should be imposed on them.

The undersigned declines to construe the disclosure obligations imposed on the defendants by Judge Platt's April 16th Memorandum and Order, but must move forward with the referral of the determination of damages as clarified in the May 26th Order. Thus, the undersigned orders the defendants to produce, by **June 28, 2004,** those documents or statements listed in paragraphs c, d, f, and g of the April 16th Order to Show Cause, and described in the May 3, 2004 Letter of Michael Saffer. If the defendants claim that any of the documents do not exist, Gore must

submit a sworn statement to that effect. After receiving the documents, the plaintiff shall submit to the undersigned, by **July 7, 2004**, its proposal, supported by affidavits and/or documentary evidence and legal argument, of the appropriate punishment to be imposed pursuant to Judge Platt's May 26th Memorandum and Order. That punishment may include damages, fines, attorney's fees and costs, and/or a jail term. The defendants shall oppose the plaintiff's submission no later than **July 12, 2004**. Reply papers, if any, shall be submitted by the plaintiff no later than **July 15, 2004**. These dates indicate the days on which the relevant papers must be in the hands of the court and the opposing party. Simply mailing or fed-exing the papers on the ordered dates will not suffice.

The court notes that this order is independent of any earlier orders issued in this case by Judge Platt and is not subject to the determination of any pending motions.

**SO ORDERED.**

Michael A. Saffer, Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, PC, West Orange, NJ, for Plaintiff.

Barry Black, Schwarz & Black LLP, New York, NY, for Defendants.